IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| EDWIN CRESPO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 7:22-cv-07345 |
| | ) | |
| v. | ) | |
| | ) | |
| NEW YORK CITY POLICE | ) | |
| OFFICER JOSEPH FRANCO, et al., | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

### [PROPOSED] PROTECTIVE ORDER

WHEREAS, the parties intend to produce certain documents in this action that they deem to be confidential or otherwise inappropriate for public disclosure; and

WHEREAS, the parties contend that confidential documents should be produced only if appropriate protection for their confidentiality is assured; and

WHEREAS, the parties contend that good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the attorneys for Plaintiff and Defendants, as follows:

1.  As used herein, "Action" shall mean the pending action between Plaintiff and Defendants captioned *Edwin Crespo et al. v. Joseph Franco, et al.*, 22-CV-07345.

2.  "Confidential Materials" shall mean (a) New York City Police Department ("NYPD") personnel and disciplinary-related records, and records of investigations regarding the conduct of NYPD personnel conducted by the NYPD, New York State Office of the Attorney

General ("OAG"), Civilian Complaint Review Board ("CCRB") or other agencies to the extent these documents are not publicly accessible; (b) Plaintiffs and Defendants medical history; and (c) other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by the parties or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent that they are publicly available, or are obtained by the parties pursuant to the New York Freedom of Information Law ("FOIL") or the federal Freedom of Information Act ("FOIA").

3. If a party believes a document not described above paragraph should nevertheless be considered confidential, it may make an application to the Court.

4. If a party believes that any pleading, exhibit, deposition transcript, document or other written material to be produced by that party contains Confidential Information, the party shall either stamp each page containing such information as "Confidential" or designate such documents as "Confidential" by Bates number in a writing directed to the opposing party's counsel.

5. As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential (including where the document or information in question is produced by a non-party to this Action), and "Receiving Party" shall mean any party who is not the "Producing Party," as defined herein, for that document or information.

6. A Receiving Party and that party's attorneys shall not use Confidential Materials produced in this Action for any purpose other than the evaluation, preparation, presentation, and/or settlement of claims or defenses in the Action.

7. Attorneys for a Receiving Party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

    a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

    b. Disclosure may be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

    c. Defendants' attorneys may also disclose the Confidential Materials to the New York City Police Department, the New York City Department of Correction, the New York City Fire Department, the New York City Comptroller's Office, and/or the New York City Mayor's Office, solely to the extent necessary for the defense or settlement of this Action.

    d. Before any disclosure is made to a person listed in subparagraph (b) or (c) above (other than to the Court or a witness at a deposition or trial), the disclosing attorney shall provide each such person with a copy of this Stipulation and Order of Confidentiality, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. The Receiving Party's attorney shall retain the signed consent and furnish a copy

to an attorney for any other party upon request at a deposition or before trial, although the name of the individual may be redacted from such a consent before it is produced, until such time as that name must be disclosed pursuant to the Federal Rules of Civil Procedure or Court Order.

8. The parties may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under the control as directed by the Producing Party or that party's counsel.

9. If a party objects to the designation of any Confidential Materials as confidential, the party shall state such objection in writing to counsel for the Producing Party within sixty (60) days and counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party may, within 60 days of the objection, make an application to the Court to remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

10. A party's inadvertent failure to designate any materials as "Confidential" ("Misdesignated Material") shall not be deemed a waiver of that party's later claim that such material should be designated "Confidential" pursuant to this Protective Order. Upon the Producing Party's

Case 1:22-cv-07345-PKC  Document 67-1  Filed 08/29/23  Page 5 of 8

identification of Mis-designated Material to the Receiving Party, arrangement will be made for the destruction of the Mis-designated Material and for the submission, where appropriate, of properly designated copies of such material. A party shall not be obliged to challenge the propriety of a confidentiality designation at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to such material. The failure of a party to challenge the designation during the discovery period shall not be a waiver of the party's right to object to the designation at trial.

11. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

12. Where the confidential information is not material to issues addressed in court submissions and the parties agree in writing that the redaction of personal, confidential and/or

identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

13. Nothing in this Stipulation and Protective Order shall be construed to limit a Producing Party's use of its own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent that they are publicly available.

14. This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed Confidential pursuant to this Order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by a Receiving Party or disclosed to any other person for any purpose without prior Court approval, and upon the request of the Producing Party, shall be destroyed.

15. This stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

16. The Court will retain jurisdiction over all persons subject to this Stipulation to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Additionally, the Court reserves the right, in its sole discretion, to modify this Stipulation and Order of Confidentiality at any time.

17. This agreement may be executed in any number of counterparts, which together shall constitute a single agreement. This agreement may be executed and transmitted to any other party by facsimile or electronically; and facsimile or electronic signatures (including PDF signatures) shall be deemed to be originals.

By: /s/ Renee Spence
*One of Plaintiffs' Attorneys*

LOEVY AND LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607

By: */s/ Elissa Jacobs*
*Attorney for Defendant City of New York*

SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
100 Church Street, Rm. 3-193
New York, New York 10007

By:

*/s/ Hugo Ortega*
Hugo Ortega
*Attorney for Sasha Cordoba*

Tanner & Ortega, LLP
299 Broadway, Suite 1700
New York, NY 10007
212-962-1333

Motion (ECF 67) should be terminated.

SO ORDERED.

Dated: Sep 11, 2023

HON. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

- 7 -

## EXHIBIT A

The undersigned hereby acknowledges that they have read the Stipulation and Order of Confidentiality entered in the United States District Court for the Southern District of New York dated _____, 2023, in the action entitled *Crespo, et al., v. Joseph Franco, et al.*, Case No. 22-CV-07345 and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case and will not further disclose the Confidential Materials except in testimony taken in this case.

_____        _____

Date                                               Signature

                                                         _____

                                                         Print Name

                                                         _____

                                                         Occupation