USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/22/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

EDWIN CRESPO, et al.,

                                    Plaintiffs,

    -against-

NEW YORK CITY POLICE OFFICER JOSEPH FRANCO, et al.,

                                    Defendants.

------------------------------------------------------------------------ x

**UNSEALING ORDER**

22-CV-7345 (PKC)(JLC)

      **WHEREAS**, on or about March 13, 2024, the Court directed the parties in the matter *Edwin Crespo, et al. v. Joseph Franco, et al.*, 22-CV-07345 ("the Action") to settle an order, by submitting a proposed order, directing the unsealing of the files in the case of *People of the State of New York v. Joseph Franco*, and

      **WHEREAS**, on or about February 7, 2024, plaintiffs served a subpoena duces tecum ("the Subpoena") on nonparty New York County District Attorney ("DANY") pursuant to Fed. R. Civ. P. 45, in which plaintiffs seek production of, *inter alia,* DANY's files in the matter of the state criminal prosecution entitled *People of the State of New York v. Joseph Franco*, which proceeded pursuant to Indictment Nos. 1257/2019 and 2147/2019 (hereinafter, "the Franco Prosecution"); and

      **WHEREAS**, on or about January 31, 2023, the Franco Prosecution was dismissed by the Honorable Robert M. Mandelbaum, Acting Justice of the New York State Supreme Court, New York County, Criminal Term, Part 75, and in so doing, terminated the Franco Prosecution in a manner favorable to defendant Joseph Franco pursuant to New York Criminal Procedure Law ("CPL") § 160.50; and

      **WHEREAS**, DANY's files pertaining to the Franco Prosecution contain records of additional state criminal prosecutions of former criminal defendants ("Related Prosecutions") whose cases are themselves sealed pursuant to CPL § 160.50; and

      **WHEREAS**, DANY requires a Court Order that unseals DANY's records of the Franco Prosecution and the Related Prosecutions in order to meet its obligations pursuant to the Subpoena; and

**WHEREAS**, defendant Franco does not waive any objection to the Subpoena, in whole, or in part, including but not limited to the fact that certain material may be protected from disclosure on the grounds of privilege, statutory confidentiality and pursuant to defendant Franco's CPL § 160.50 rights, but otherwise does not object to the issuance of a Court Order that unseals DANY's records of the Franco Prosecution for the purposes of this Subpoena; and

**WHEREAS**, DANY does not waive any objection to the Subpoena, in whole, or in part, including but not limited to the fact that certain material may be protected from disclosure on the grounds of privilege, statutory confidentiality other than pursuant to defendant Joseph Franco's CPL § 160.50 rights, or would constitute an undue burden to produce; and

**WHEREAS**, the parties to the Action and DANY stipulate that any responsive materials produced or revealed to exist by DANY pursuant to the Subpoena, including but not limited to records or other documents produced by DANY concerning the Franco Prosecution and the Related Prosecutions, and any response or objections to the Subpoena, in whole or in part, made by any party to the Action or by DANY, where such response or objection tends to reveal the nature or contents of DANY's files pertaining to the Franco Prosecution and the Related Prosecutions, shall constitute "Confidential Materials" pursuant to the Protective Order so-ordered by the Honorable P. Kevin Castel, United States District Judge on or about September 11, 2023; therefore

It is hereby **ORDERED** that pursuant to Fed. R. Civ. P. 26 and 45, and this Court's authority to order production of sealed state court records, DANY may access its own files of the Franco Prosecution and Related Prosecutions for the purposes of responding to the Subpoena, subject to any objections to disclosure or production which DANY may make in good faith unless and until that objection is overruled by the Court, provided that DANY may not use its sealed files for any purpose other than to comply with its obligations with respect to this Action, including in any other proceedings, to conduct any further criminal investigation of Joseph Franco or the subjects of the Related Prosecutions, or in any way that either acts to the detriment of Joseph Franco and/or the subjects of the Related Prosecutions or undermines the statutory mandate pursuant to CPL § 160.50, that the arrest and prosecution be deemed a nullity and the state criminal defendants be restored to the status that he or she occupied before their respective arrests and prosecutions; and

It is further **ORDERED** that to the extent that DANY discloses to the parties to this Action the nature or contents of its files pertaining to the Franco Prosecution and Related Prosecutions, that information is deemed "Confidential Material" pursuant to the Protective Order So-Ordered by the Honorable P. Kevin Castel, United States District Judge on or about September 11, 2023.

Dated: New York, New York
March 22, 2024

By: ＿/s/ Tara Thompson＿＿＿＿
One of Plaintiffs' Attorneys

LOEVY AND LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, Illinois, 60607

By: ＿/s/ Elissa Jacobs＿＿＿＿＿
Attorney for Defendant City of New York

SYLVIA O. HINDS-RADIX
Corporation Counsel of the
  City of New York
100 Church Street, Rm. 3-193
New York, New York 10007

By: ＿/s/ Corey S. Shoock＿＿＿＿
Attorney for Alvin L. Bragg, Jr.

NEW YORK COUNTY
  DISTRICT ATTORNEY
1 Hogan Place
New York, New York 10013

By: ＿/s/ Hugo Ortega＿＿＿＿＿
Attorney for Joseph Franco

TANNER & ORTEGA, LLP
299 Broadway, Suite 1700
New York, New York 10007

SO ORDERED.

Dated: March 22, 2024
New York, New York

_____
JAMES L. COTT
United States Magistrate Judge