UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EDWIN CRESPO, et al.,

                              Plaintiffs,          **22-CV-7345 (PKC) (VF)**

                                                            **OPINION AND**
                -against-                              **ORDER**

JOSEPH FRANCO, et al.,

                              Defendants.
------------------------------------------------------------------X
**VALERIE FIGUEREDO, United States Magistrate Judge**

       Plaintiffs are six unrelated individuals who assert claims for violation of their due process rights and malicious prosecution against a former Detective of the New York Police Department ("NYPD"), Joseph Franco ("Defendant"). See ECF No. 79. In its decision on the motion to dismiss, the Court dismissed the Monell claim against the City. See ECF No. 141 at 8-26.

       On November 19, 2024, Plaintiffs submitted a letter to the Court, seeking a conference to address certain discovery disputes. See ECF No. 149. Among the issues raised by Plaintiffs, was the City's refusal to respond to Document Requests Nos. 13 and 17 in Plaintiffs' Request for Production No. 2. See ECF No. 149 at 2-3. Through those requests, Plaintiffs generally sought information related to the policies of the NYPD, complaints against other officers, and the NYPD's discipline of other police officers. Id. The City objected to the requests on the grounds of relevance. See ECF No. 158. The Court held a conference on March 11, 2025, at which time Plaintiffs asked to submit additional authority to support their motion to compel the City to respond to the requests. Plaintiffs submitted a subsequent letter on April 2, 2025, to which the City responded on April 10, 2025. See ECF Nos. 161-62.

       Under General Municipal Law Section 50-k(3), the City shall indemnify an employee in the amount of any judgment, so long as the employee "was acting within the scope of his public

employment," the employee was "not in violation of any rule or regulation of his agency, at the time the alleged act or omission occurred," and the damage did not result from "intentional wrongdoing or recklessness on the part of the employee." N.Y. Gen. Mun. Law § 50-k(3); Stewart v. Davis, 2025 WL 1368842, at *3 (S.D.N.Y. May 9, 2025). Plaintiffs contend that the at-issue document requests seek information relevant to the indemnification claim by Detective Franco against the City, in which Plaintiffs have joined. ECF No. 161 at 1. According to Plaintiffs, the information they seek will "shed light on the actual rules and regulations at the NYPD because it will likely show that citizens regularly complained about misconduct like the misconduct that affected Plaintiffs." ECF No. 161 at 2. The information will demonstrate that Detective Franco was acting according to "accepted systemic practice" and he was not in violation of any rule or regulation of the agency, thereby satisfying the requirements for indemnification under Section 50-k(3). Id. at 2-3. Plaintiffs thus contend that they are investigating the factual basis for the City's indemnification determination. Id. at 3.

      Plaintiffs, however, point to no case to support their assertion that this kind of Monell-type discovery is relevant to an indemnification claim under Section 50-k(3). Although Plaintiff argues (ECF No. 161 at 3) that courts routinely analyze the factual predicate for statutory indemnification decisions, all of the cases cited are inapposite and none concerned the factual issue Plaintiffs seek to investigate here with the discovery sought: whether the Corporation Counsel's indemnification decision was arbitrary and capricious because Detective Franco's conduct was consistent with a custom or practice of the NYPD that was nonetheless violative of agency rules and policy. See Mosca v. City of New York, 2019 WL 5592855, at *4 (E.D.N.Y. Oct. 30, 2019) (the factual issue discussed by the court concerned whether the City had received timely notice of the request for indemnification); Sanderson-Burgess v. City of New York, 235

A.D.3d 792, 794 (2d Dep't 2025) (concluding that City had demonstrated prima facie entitlement to summary judgment on indemnification claim where disciplinary report showed that individual seeking indemnification had accepted the findings of the NYPD's Office of Equal Employment Opportunity concerning inappropriate touching of a coworker); <u>Weitman v. City of New York</u>, 222 A.D.2d 316, 316-17 (1st Dep't 1995) (finding that determination that assault by NYPD officer did not occur within the scope of his employment, and thus was not entitled to indemnification, had a clear basis in fact where assault occurred while officer was on vacation and the individual assaulted was never charged with any crime by the district attorney).

    In short, the information sought through Requests Nos. 13 and 17 is not relevant to any claim or defense in this case. The motion to compel is thus denied.

    Additionally, on June 13, 2025, the City moved for a protective order, preventing Plaintiffs from obtaining Rule 30(b)(6) testimony about the type of discovery sought by Plaintiffs through document requests Nos. 13 and 17. <u>See</u> ECF No. 169. In light of the Court's decision today, the parties are directed to meet and confer on the issue raised by the City in its June 13 letter. By June 30, 2025, the parties are directed to submit a joint letter to the Court, indicating whether the dispute at ECF No. 169 has been resolved or narrowed.

    The Clerk of Court is respectfully directed to terminate the letter motion at ECF No. 161.

    **SO ORDERED.**

DATED:    New York, New York
              June 17, 2025

                                                      _____
                                                      VALERIE FIGUEREDO
                                                      United States Magistrate Judge