# LOEVY + LOEVY

July 18, 2025

311 North Aberdeen Street
Chicago, Illinois 60607
(312) 243-5900
www.loevy.com

**VIA CM/ECF**

Hon. Valerie Figueredo
U.S. District Court, S.D.N.Y.
500 Pearl St
New York, NY 10007

Re: *Crespo v. Franco et al.*, Case No. 22-cv-07345 – Plaintiffs' Response in Opposition to City's Motion for Protective Order

Dear Judge Figueredo:

Plaintiffs Edwin Crespo, Anthony Washington, Tony Serrano, Javon Smiley, Jose Santiago, and Sidney Wray write under the Court's July 1, 2025 order, ECF No. 172, to respond in opposition to the City of New York's motion for a protective order, ECF No. 169, and to propose narrowing the scope of the testimony they seek from the City's designated Rule 30(b)(6) witness(es).

## Background

Plaintiffs served their amended notice for the City's deposition under Federal Rule of Civil Procedure 30(b)(6) on May 9, 2025, identifying three topics for examination. ECF No. 169-1. On June 13, 2025, the City moved for a protective order to prevent Plaintiffs from taking the deposition. ECF No. 169. Plaintiffs later withdrew the third topic from their notice after the Court ruled that they could not seek written discovery from the City about other officers' misconduct, ECF No. 170, which was the subject of that deposition topic.

The City has confirmed that continues to seek an order barring Plaintiffs from taking its testimony on the two remaining topics:

1. The City's written and unwritten policies, orders, memoranda, practices and customs in effect from January 1, 2007 through January 1, 2016, relating to:
   (a) The conduct of narcotics investigations involving an undercover officer. . .
   (b) How NYPD officers document and preserve information they learn before starting a narcotics investigation involving an undercover officer and after an arrest has been made. . . (c) The fabrication of inculpatory evidence including but not limited to false testimony; falsified police reports, property receipts, notes, memoranda; and false bases for probable cause.

    2. Complaints of misconduct against Defendant Joseph Franco or reports that Franco engaged in misconduct during his tenure at the NYPD and every step the City took to investigate or respond to such complaints and reports.

The City argues only that the topics are "duplicative of paper discovery already exchanged" and urges that those documents "speak for themselves." ECF No. 169 at 2. In the parties' status report about this dispute, the City added: "there is no need for deposition testimony from the City on these subjects that is proportionate to the needs of the case under Rule 26. . . ." The City's objections to the narrowed Rule 30(b)(6) notice lack merit, and the Court should overrule them.

## Argument

**1. The City's Document Production Does Not Make a Rule 30(b)(6) Deposition Unnecessary.**

    The City's attempt to defer to its document production overlooks the purpose of a Rule 30(b)(6) deposition. "A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual." *Sabre v. First Dominion Cap., LLC*, No. 01CIV2145BSJHBP, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001). Most notably, a Rule 30(b)(6) witness provides testimony that binds the party, permits the questioning party to probe the knowledge of the entity, and to determine how the entity interprets its own documents, polices, and practices. *See id.*; *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 80 (D. Conn. 2010) ("[Rule] 30(b)(6) depositions can be used to test theories, challenge facts and fill in information gaps . . . ."). The City's production of its policies does not tell Plaintiff or the jury anything about how it interprets or implements those policies, nor does it shed light on how the policies function in practice. Neither does the document production bind the City to any position about its policies and practices. Without a Rule 30(b)(6) deposition, Plaintiffs are left with evidence of officers' varying personal opinions and understanding about the City's policies, and customs, which they offered during their depositions. The City could easily (and without notice) undercut that evidence by offering self-serving testimony at trial. *See Krasney v. Nationwide Mut. Ins. Co.*, No. 3:06 CV 1164 JBA, 2007 WL 4365677, at *2 (D. Conn. Dec. 11, 2007) (The designee, in essence, represents the corporation just as an individual represents [themselves] at a deposition. Were it otherwise, a corporation would be able to deceitfully select at trial the most convenient answer presented by a number of finger-pointing witnesses at the depositions. Truth would suffer."). Plaintiffs must depose the City to gain clarity about the City's positions on its customs and policies and to properly prepare for trial.

    Next, the City's representation that it has produced all documents responsive to Topics 1 and 2 is incorrect. Information about its unwritten practices and customs were not provided during written discovery for the obvious reason that unwritten information is, by definition, undocumented. It is common for there to be variation between a written policy and the way that policy functions in practice. Further, where there are gaps between a written policy and the practical realities of implementing the policy, agencies frequently develop customs to bridge those gaps. A deposition of the City's representative is the only way to learn the City's position on its unwritten customs and practices in NYPD narcotics operations.

      What's more, even assuming the City were correct that the issues identified in Plaintiffs' proposed deposition topics overlap with information contained in the City's document production, that would not be a reason to stop Plaintiffs from deposing the City. Document production is not a substitute for oral discovery; rather it's a complement to oral discovery. In the ordinary course of litigation, parties first produce documents, and then they present witnesses to testify about the meaning of the documents, how they came into existence, how they were used, who read them, and so forth. If the City were correct that a party could avoid giving testimony on any subject mentioned in a document, oral discovery would almost never occur during litigation.

      Courts have recognized that document production and oral discovery go together in the context of Rule 30(b)(6). Indeed, designated witnesses are expected to review, rely on, and answer questions about produced documents. In *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, No. 19 CV 226, 2022 WL 2702378, at *10 (E.D.N.Y. Feb. 11, 2022), for example, the court allowed the defendants, over the plaintiff's objection, to question a corporate representative about a variety of topics, including the meaning of documents produced during the discovery. The Court reasoned: "[S]imply because plaintiffs have provided relevant information covered by these topics in their interrogatory responses is not a basis for refusing defendants the opportunity to explore these topics further through a Rule 30(b)(6) witness." *Id.*; *see also Dongguk Univ.*, 270 F.R.D. at 74 ("A party should not be prevented from questioning a live corporate witness in a deposition setting just because the topics proposed are similar to those contained in documents provided or interrogatory questions answered."); *Beckner v. Bayer CropScience, L.P.*, 2006 U.S. Dist. LEXIS 44197, *27, 29–30 (D.W. Va. June 28, 2006) ("When information has already been provided in other forms, a witness may still be useful to testify as to the interpretation of papers, and any underlying factual qualifiers of those documents (i.e. information which the defendant knows but is not apparent on the face of the documents)) (cleaned up); *Dealer Computer Servs., Inc. v. Curry*, No. 12 CIV. 3457 JMF JLC, 2013 WL 499520, at *5 (S.D.N.Y. Feb. 7, 2013) (finding topics related to the meaning of documents, among other things, "appropriate for the 30(b)(6) deposition"; reasoning: "Plaintiff is within its rights to ask questions about these topics by using the financial documents that have been produced previously."); *id.* at *4 ("Plaintiff has the right to have a corporate representative address the issue of the rights and obligations under these contracts, as that topic goes to the heart of its claims.").

      Deposition testimony is particularly necessary in this case because, contrary to the City's claim, the policies do not speak for themselves. Much of the language in the policy documents raises as many questions as it answers. For example, the NYPD Narcotics Division Manual speaks of a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Exhibit A (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). Plaintiffs may wish to inquire about what this directive means. What information was tracked? Did the department keep track of how many buys a particular undercover, like Franco, completed? Were there incentives tied to these statistics? These are facts that might tend to make it more likely, in a jury's eyes, that Franco felt pressure to complete buys and was motivated to fabricate evidence, as Plaintiffs allege he did. *See, e.g., DDK Hotels*, 2022 WL 270278, at *8 (finding topics to be "appropriate areas of inquiry for a Rule 30(b)(6) witness" where interrogatory responses left open questions and there were documents the deposing party may wish to question the witness about).

As another example, the Manual discusses the use of pre-recorded buy money for narcotics transactions. In some of the Plaintiffs' cases, no such evidence was recovered from Plaintiffs despite their arrest moments after the alleged drug sale took place. Plaintiffs are entitled to question the City about the purpose of requiring the use of prerecorded buy money in narcotics operations and the implications, from the City's standpoint, of failing to recover prerecorded buy money evidence following a narcotics arrest.

For all those reasons, the fact that the City has produced documents in this case does not obviate the need for a Rule 30(b)(6) deposition.

2. **Topics 1 and 2 in the Amended Notice Seek Discoverable Information.**

Contrary to the City's position, deposition testimony about its customs and Franco's history of misconduct is appropriate so long as those issues are relevant and Plaintiffs' inquiries are proportionate to the needs of the case. Fed. R. Civ. P. 26(b); *DDK Hotels*, 2022 WL 2702378, at *2 ("In reviewing a Rule 30(b)(6) notice of deposition, the Court considers whether the topics are 'proportional to the needs of the case, not unduly burdensome or duplicative, and described with 'reasonable particularity.'") (cleaned up; quoting *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14 CV 9371, 2017 WL 9400671, at *1 (S.D.N.Y. Apr. 27, 2017)). That is the case here.

The City's policies and Franco's misconduct history fall squarely within the bounds of Rule 26(b). Policies related to narcotics investigations are relevant because they help the jury understand how narcotics operations—like those that ensnared Plaintiffs—were supposed to be conducted. With that understanding, a jury will be better positioned to determine the ways in which Plaintiffs' cases deviated from the prototypical operations. The existence of those deviations tends to make it more likely that misconduct could or did occur, and occurred deliberately. *See Restivo v. Hessemann*, 846 F.3d 547, 580 (2d Cir. 2017) (explaining that evidence of deviations from professional standards can help a jury evaluate whether the deviations were negligent or support an inference of "intentional or reckless conduct that violated a plaintiff's constitutional rights") (citing *Jimenez v. City of Chicago*, 723 F.3d 710, 721 (7th Cir. 2013); *Bah v. City of New York*, No. 13-CV-6690 (PKC), 2017 WL 435823, at *12 (S.D.N.Y. Jan. 31, 2017) (deviations from accepted police practices can aid the jury's analysis about liability); Fed. R. Evid. 404(b) (evidence of party's other crimes, wrongs, or acts—like policy violations—admissible to show opportunity, absence of mistake, or lack of accident).

Franco's history of misconduct is likewise relevant. Franco has been accused by numerous other citizens, the District Attorney of New York, and the NYPD of fabricating evidence in street-level narcotics cases. The NYPD held a three-day trial, after which the department's judge found Franco guilty of fabricating evidence in three narcotics operations like those that harmed Plaintiffs. This evidence is relevant because, among other reasons, it makes it more likely that Franco was motivated, had the opportunity, and intended to use false evidence against Plaintiffs in their cases. It likewise tends to show that Franco's misconduct that harmed Plaintiffs was not the result of a mistake. Fed. R. Evid. 404(b) (evidence of party's other crimes, wrongs, or acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"); *Ismail v.*

*Cohen*, 706 F. Supp. 243, 525–53 (S.D.N.Y. 1989) (permitting civil rights plaintiff to introduce evidence of prior Civilian Complaint Review Board case against defendant officer involving misconduct similar to the plaintiff's allegations in that case). The City's testimony about the investigative process, underlying evidence to support its finding of wrongdoing, and whether it still stands by its findings is relevant to supporting Plaintiffs' allegations of Franco's established pattern of misconduct, and understanding what the City's position will be at trial.

In addition to illuminating highly relevant issues in the case, the deposition testimony Plaintiffs seek from the City's representative satisfies several other Rule 26 considerations. Among other things, the City has unilateral access to information about its customs, the meaning and importance of various terms in its written policies, and its undocumented efforts in response to Franco's litany of misconduct complaints. Preparing a witness to provide this testimony is not unduly burdensome because the City's counsel has ample resources. And the burden of sitting for a one-day deposition covering only two topics is scant. Weighing the importance of the issues covered by Plaintiffs' notice, their lack of access to the information the notice seeks, and the City's resources against the burden of preparing someone to testify about two topics, the deposition Plaintiffs propose is proportionate to the case needs.

3. **Proposal for Narrowing Topics 1 and 2.**

The City objects, wholesale, to Plaintiffs taking its deposition. Its counsel confirmed during the parties' conferral that there is no formulation of any deposition topic that would cause it to consent to being deposed. ECF No. 171 ("[T]here is no narrowing of the topic[s] that would be acceptable to the City"). The Court has nevertheless asked Plaintiffs to propose a narrowing of Topics 1 and 2. As argued above, Plaintiffs believe the amended notice is reasonable under Rule 26(b) as written. If the Court finds, however, that the topics are too broad, they propose narrowing the first topic to remove subpart (c). And they propose narrowing the second topic to complaints that Franco engaged in misconduct like the wrongdoing that affected Plaintiffs. Plaintiffs do not suggest narrowing the timeframe from which they seek information because they have only requested information from the years during which Plaintiffs were each arrested.[1] With those changes, the topics would be as follows:

1. The City's written and unwritten policies, orders, memoranda, practices and customs in effect from January 1, 2007[2] through January 1, 2016, relating to: (a) the conduct of narcotics investigations involving an undercover officer; and (b) how NYPD officers document and preserve information they learn before starting a narcotics investigation involving an undercover officer and after an arrest has been made.

2. Complaints or reports that Defendant Joseph Franco fabricated inculpatory evidence, withheld exculpatory evidence, or falsely testified at a grand jury,

---

[1] Crespo was arrested in 2006; Washington was arrested in 2007; Serrano was arrested in 2012; Smily was arrested in 2013; Santiago was arrested in 2014; and Wray was arrested in 2015.
[2] The amended notices seeks information starting in 2007, but this was a mistype. It should read January 1, 2006—beginning the year Plaintiff Crespo was arrested.

motion to suppress hearing, or trial in connection with narcotics operations on which he worked for the NYPD, and every step the City took to investigate or respond to such complaints and reports.

## Conclusion

Plaintiffs respectfully request the Court enter an order denying the City's motion for a protective order and ordering the City to produce a witness to be deposed on Topics 1 and 2 in the amended notice, ECF No. 169-1. In the alternative, Plaintiffs ask the Court to order the City to produce a witness to testify to the narrowed versions of Topics 1 and 2 that appear above. To be clear, Plaintiffs recognize that fact discovery in this case closed on July 16, 2025 (ECF No. 164), and they do not seek a general extension of the discovery cutoff. Rather, Plaintiffs ask only that the Court grant them leave to conduct the City's deposition after the close of discovery.

Respectfully submitted,

/s/ Alison R. Leff
Alison R. Leff
LOEVY & LOEVY

One of Plaintiffs' Attorneys

Jon Loevy
Renee Spence
Tara Thompson
Alison R. Leff
LOEVY & LOEVY
311 N Aberdeen St, 3rd Floor
Chicago, IL 60607
(312) 243-5900 (phone)
alison@loevy.com

---

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE
Dated: 7/21/25

The City's motion for a protective order at ECF No. 169 is denied. In response to the Court's order (see ECF No. 172), Plaintiffs have proposed narrower deposition topics for Topics 1 and 2. See ECF No. 172 at 5. These narrowed topics seek information that is both relevant and proportional to the needs of the case. As Plaintiffs explain, Detective Franco's history of misconduct (narrowed Topic 2) is, at a minimum, relevant to showing that the misconduct directed at Plaintiffs in this case was not the result of a mistake. Additionally, information concerning the City's policies and practices is probative of whether Detective Franco's conduct was intentional. The City's argument that Topic 1 is duplicative of information provided in written discovery is meritless. See ECF No. 169 at 3. A Rule 30(b)(6) deposition, which provides testimony binding on the party, is qualitatively different than documents produced in discovery and a party is entitled to take oral testimony concerning written discovery it has obtained in discovery. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 169.