# ⌐ LOEVY + LOEVY

February 2, 2026

311 North Aberdeen Street
Chicago, Illinois 60607
(312) 243-5900
www.loevy.com

**VIA CM/ECF**

Hon. Valerie Figueredo
U.S. District Court, S.D.N.Y.
500 Pearl St
New York, NY 10007

**Re: *Crespo v. Franco*, Case No. 22-cv-07345-PKC - Request for Discovery Conference**

Dear Judge Figueredo:

Under Section II.c.2. of this court's Individual Practices in Civil Cases and Local Civil Rule 37.2, Plaintiffs Edwin Crespo, Anthony Washington, Tony Serrano, Javon Smiley, Jose Santiago, and Sidney Wray write to request a discovery conference to discuss Defendant City of New York's failure to comply with the Court's October 27, 2025 order, ECF No. 182, directing the City to make its representatives available for deposition by January 30, 2026.

### Background

This is a civil rights case alleging former NYPD narcotics officer Joseph Franco framed Plaintiffs for drug crimes they did not commit, causing their prosecution and wrongful convictions. Plaintiffs further allege that the City's policies and practices were the driving force behind Franco's misconduct. Plaintiffs' claim against the City for municipal liability was dismissed; but the City remains a party to the case under Plaintiffs' crossclaim for indemnification. ECF No. 141.

Plaintiffs have been trying to take the City's deposition in this case for more than a year. After motion practice and conferrals, this Court ruled that Plaintiffs could depose the City's designated witnesses on two narrowed topics that generally concerned: (1) the City's policies and practices related to narcotics operations, and (2) Defendant Joseph Franco's misconduct history. ECF No. 176.

Since the Court entered its order in July 2025, Plaintiffs have been repeatedly asking the City to provide dates for the deposition. *See, e.g.,* ECF No. 179. Though the City represented to the Court that dates would be "finalized" by last fall, *id.*, this did not occur. Instead, in October, the City asked the Court for a three-month extension, through January 30, 2026, of its time to give testimony. Over Plaintiffs' objection, the Court granted that request. ECF No. 182. That extension has now expired, and the City has failed to fully comply with the Court's order.

### Status of Deposition and Parties' Conferral

On December 16, 2025, the City identified a witness to testify on Topic 1 and asked that the deposition take place the last week in January. The parties agreed to hold two dates that week while the City confirmed its preference.

On January 20, 2026, the City's counsel confirmed that the deposition on Topic 1 could occur on January 29, but counsel did not provide a date or witness for Topic 2 or respond to Plaintiffs' counsel's emails asking when that deposition would take place. *See* email correspondence, attached as **Exhibit 1**.

The parties completed the City's deposition on Topic 1 on January 29, 2026. After the January 29 deposition, the City's counsel and Plaintiffs' counsel conferred via videoconference about the City's failure to produce a witness to testify about Topic 2. The City informed Plaintiffs it has not yet identified a representative to testify on Topic 2 and had no proposed dates for conducting that deposition.

### Request for Conference

Plaintiffs request a conference to discuss the City's violation of the Court's order. The City did not produce a witness to testify on Topic 2 by the Court-ordered deadline, nor did it seek to extend that deadline. This is the second time the City's noncompliance with discovery obligations has forced Plaintiffs and the Court to expend resources to gain the City's cooperation. ECF No. 149 § I (discussing City's failure to produce documents responsive to discovery requests it did not dispute).

Plaintiffs request that the Court set a second deadline by which the City's representative must complete the deposition and consider whether the City's violation of its order warrants additional relief for Plaintiffs. Fed. R. Civ. P. 37(b)(2)(A) ("If a party or . . . or a witness designated under Rule 30(b)(6) . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders"). Under the circumstances, Rule 37 permits the Court to issue a "further just order," including, for example, an order "(ii) prohibiting the [City] from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking [the City's] pleadings in whole or in part; . . . [or] (vi) rendering a default judgment against the disobedient party". *Id.* The Court may also award Plaintiffs their fees and costs required to eventually complete the deposition. *Id.*

Under Rule 37, Plaintiffs request that the Court enter an order prohibiting the City from presenting evidence that Franco's conduct, including the conduct that led to his NYPD disciplinary trial and criminal indictment, violated the City's customs, practices, and culture.

Respectfully submitted,

/s/ Alison R. Leff
*One of Plaintiffs' Attorneys*

February 2, 2026                                                    Page **3** of **3**

Jon Loevy
Renee Spence
Tara Thompson
Alison R. Leff
LOEVY & LOEVY
311 N Aberdeen St, 3rd Floor
Chicago, IL 60607
Phone: (312) 243-5900
alison@loevy.com

### Certificate of Conference

Counsel for Plaintiffs Alison R. Leff certifies that she conferred with attorneys for New York City Elissa Jacobs and Glunora Tali over Zoom videoconference on January 29, 2026 for approximately ten minutes beginning around 12:30 PM Eastern Time. The City's counsel reported that they are working to identify a witness to testify on Topic 2, but they have not yet chosen a witness. Plaintiffs' counsel informed the City's counsel that she would be requesting a conference with the Court.

Respectfully submitted,

/s/ Alison R. Leff
*One of Plaintiffs' Attorneys*

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: February 3, 2026**

On October 27, 2025, the City, over Plaintiffs' objection, requested an extension of time until January 30, 2026, to complete the remaining depositions. See ECF No. 182. The City was unable to meet its own proposed deadline, as it concerns a witness to testify on Topic 2, and the City did not seek an extension of that deadline prior to January 30. The City is hereby ordered to make a witness available to Plaintiffs to testify on Topic 2 by **February 27, 2026**. No extensions of this deadline will be granted. Given the need to move the deadline for the completion of depositions, the remaining deadlines previously set at ECF No. 182 are hereby extended as follows: **March 13, 2026** - Plaintiffs deadline to disclose expert reports under Rule 26; **April 13, 2026** - Defendants deadline to disclose rebuttal reports; April 27, 2026 - Close of expert discovery; **May 1, 2026** - dispositive motions due. The Clerk of Court is respectfully directed to terminate the letter motion at ECF No. 183.