Index No. 22 CV 07345

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWIN CRESPO, et al.,

Plaintiffs,

-against-

JOSEPH FRANCO, et al.,

Defendant.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS**

***STEVEN BANKS***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Elissa Jacobs*
*Tel: (212) 356-3540*

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES ........ II

PRELIMINARY STATEMENT ........ 1

STATEMENT OF FACTS ........ 1

LEGAL STANDARD FOR RELIEF ........ 2

ARGUMENT

POINT I

PLAINTIFFS CANNOT SUSTAIN THEIR INDEMNIFICATION CLAIM ........ 3

(a) Plaintiffs failed to plead an underlying constitutional violation means that all derivative claims must be dismissed ........ 4

(b) Plaintiffs have no standing to join or enforce Franco's indemnification claim ........ 4

(c) Plaintiffs' allegations are at odds factually with the indemnification claim ........ 6

POINT II

DET. FRANCO'S INDEMNIFICATION CLAIM SHOULD BE DISMISSED ........ 6

CONCLUSION ........ 9

# TABLE OF AUTHORITIES

**Cases** **Page(s)**


Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) ... 3

Castro v. County of Nassau, 739 F. Supp. 2d 153 (E.D.N.Y. 2010) ... 4

Cucchiara v. Hollingsworth, No. 15-CV-314 (KBF), 2016 U.S. Dist. LEXIS 142541 (S.D.N.Y. Oct. 14, 2016) ... 7, 8

D'Amico v. City of New York, 132 F.3d 145 (2d Cir. 1998), cert. denied, 524 U.S. 911 (1998) ... 2

Falcone v. MarineMax, Inc., 659 F. Supp. 2d 394 (E.D.N.Y. 2009) ... 4

Gallo v. Prudential Residential Servs., 22 F.3d 1219 (2d Cir. 1994) ... 2

Goodman v. Port Auth. of N.Y. & N.J., 850 F. Supp. 2d 363 (S.D.N.Y. 2012) ... 5

Harris v. Rivera, 921 F. Supp. 1058 (S.D.N.Y. 1995) ... 6-7

Hayden v. Hevesi, No. 05 Civ. 0294E (SR), 2007 U.S. Dist. LEXIS 10336, 2007 WL 496369 (W.D.N.Y. Feb. 12, 2007) ... 4

Koch v. Mirza, 869 F. Supp. 1031 (W.D.N.Y. 1994) ... 5

M.O.C.H.A. Society, Inc. v. City of Buffalo, 272 F. Supp. 2d 217 (W.D.N.Y 2003) ... 4

Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) ... 2

Nevares v. Morrissey, No. 95-CV-1135 (JGK), 1998 U.S. Dist. LEXIS 7680 (S.D.N.Y. May 19, 1998) ... 7

**Cases** **Pages**

Phillips v. Eppolito, et al.,
02 CV 5662, 2004 U.S. Dist. LEXIS 18565
(S.D.N.Y. 2004) ..........3

Rodriguez v. City of New York,
No. 06 Civ. 9438(LAK), 2007 U.S. Dist. LEXIS 85889,
2007 WL 4145407 (S.D.N.Y. Nov. 16, 2007) ..........4

Roman Catholic Archdiocese of New York v. Sebelius,
907 F. Supp. 2d 310 (E.D.N.Y. 2012) ..........6

Thomas v. City of Troy,
293 F. Supp. 3d 282 (N.D.N.Y. 2018),
on reconsideration sub nom.,
Thomas v. Mason,
No. 1:17-CV-626 (DJS), 2019 U.S. Dist. LEXIS 198976,
2019 WL 6111572 (N.D.N.Y. 2019) ..........4-5

Vasconcellos v. City of New York,
12 Civ. 8445(CM)(HBP), 2015 U.S. Dist. LEXIS 121572
(S.D.N.Y. Sept. 9, 2015) ..........1

Vega v. Correction Officer Nelson,
No. 93-CV-1989 (NG) (ARL)
(E.D.N.Y. Oct. 2, 1997) ..........7

Velasquez v. Bankich,
97 CV 8424, 2000 U.S. Dist. LEXIS 15412
(S.D.N.Y. 2000) ..........3

Weissman v. Sinorm Deli,
88 N.Y.2d 437 (N.Y. 1996) ..........5

**Statutes**

42 U.S.C. § 1983 ..........4, 6, 7

42 U.S.C. § 1988 ..........5

C.P.L.R. § 7803(3) ..........7

Fed. R. Civ. P. 56 ..........9

Fed. R. Civ. P. 56(e) ..........3

**Statutes** **Pages**

Gen. Mun. Law § 50-k ........................................................................................................5, 6, 7

Local Civ. R. 56.1 ...............................................................................................................1

## PRELIMINARY STATEMENT

Plaintiffs Edwin Crespo, Donte Smiley, Tony Serrano, Jose Santiago, Sidney Wray and Anthony Washington each claim that former New York City Police Department Detective Joseph Franco lied to obtain each of their convictions for a variety of crimes. In 2019, Franco was prosecuted by the District Attorney's Office of New York for crimes connected to his duties as an NYPD officer, stemming from two separate arrests in 2017 and 2018, and was subsequently fired by the NYPD. Due to Franco's conduct, District Attorneys' across New York City vacated convictions in which Franco was an essential witness, including the matters which are the basis of the claims brought forth here.

Following defendant City's motion to dismiss, the only remaining claim against the City is an indemnification claim by Det. Franco, in which plaintiffs have been permitted to join. The remaining claims should be dismissed for a number of reasons. First, plaintiffs have not properly pled any underlying constitutional claim, thus any derivative claims should be dismissed. In addition, plaintiffs' claim for indemnification should be dismissed, as plaintiff has neither a legal nor factual basis for that claim. Lastly, to the extent the Court permits the constitutional claims against Franco to go forward, the Court should dismiss the indemnification claim against the City as it is not yet ripe. As a result, all claims against the City fail, and the City should be dismissed as a party from the case.

## STATEMENT OF FACTS[1]

Plaintiffs brought a lawsuit against Police Officer Joseph Franco and the City of New York. See Plaintiffs' Second Amended Complaint (the "Complaint"), annexed to the Declaration of

---

[1] Defendant adopts the facts set forth herein only for purposes of this motion for summary judgment and reserve the right to present different and/or conflicting facts at trial in this matter. *See Vasconcellos v. City of New York*, 12 Civ. 8445(CM)(HBP), 2015 U.S. Dist. LEXIS 121572, at *4 (S.D.N.Y. Sept. 9, 2015) (Local Civil Rule 56.1 "means a party can 'admit' facts that it intends to dispute at trial without suffering any prejudice – the 'admission'….neither binds the party going forward if the motion is denied nor can it be admitted in evidence at trial.").

Elissa B. Jacobs (hereinafter "Jacobs Decl.") as "Exhibit A", generally. Plaintiffs allege that Franco caused the arrests of each of the defendants. Def. 56.1 ¶ 1. They further claim the "Defendant Officers"[2] falsely charged each plaintiff , suppressed evidence of misconduct, and conspired to frame the plaintiffs. Def. 56.1 ¶ 2. The plaintiffs claim they were prosecuted by the relevant District Attorneys offices, and were wrongfully convicted. Def. 56.1 ¶ 5. Years after the plaintiffs served their sentences, their convictions were dismissed. Def. 56.1 ¶ 6.

Plaintiffs brought claims against the City, Franco, and "other as-yet-unidentified officers of the New York Police Department." Id., generally. Defendant Franco brought cross-claims for indemnification against the City. On September 13, 2024, the Court granted defendant City's motion to dismiss, and dismissed the Monell claim. See Docket Entry No. 141. The Court also allowed plaintiffs to join in Franco's indemnification claim. Id.

## LEGAL STANDARD FOR RELIEF

The purpose of summary judgment is to expedite civil actions by eliminating from the trial calendar those claims that can be properly resolved as a matter of law. Summary judgment is appropriate where no genuine issue of material fact exists. D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998), cert. denied, 524 U.S. 911 (1998). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is 'no genuine issue for trial.'" Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The Second Circuit has held that a "moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case." Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994).

[2] The "Defendant Officers" are defined by plaintiffs as Franco and Unknown Officers. Def. 56.1 ¶ 3.. Franco is the only individual officer to have been named in this action. Def. 56.1 ¶ 4.

To survive a motion for summary judgment, the non-moving party must do more than present evidence that is merely colorable, conclusory, or speculative. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). Additionally, the non-movant "may not rest upon the mere allegations or denials of the adverse party's pleading, but … must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Phillips v. Eppolito et al., 02 CV 5662 (DLC), 2004 U.S. Dist. LEXIS 18565, *5 (S.D.N.Y. 2004). The non-movant "may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." Velasquez v. Bankich, 97 CV 8424 (AKH), 2000 U.S. Dist. LEXIS 15412, at *4 (S.D.N.Y. 2000). He must offer evidence demonstrating there exists a genuine issue of fact that must be decided by a fact finder.

## ARGUMENT

### POINT I

### PLAINTIFFS CANNOT SUSTAIN THEIR INDEMNIFICATION CLAIM.

Plaintiffs' claim for indemnification should be dismissed as there is neither a legal nor factual basis to maintain it. Plaintiffs were permitted to join in Det. Franco's claim for indemnification. First, as plaintiffs never properly pled any underlying claims, the derivative claims for indemnification and representation must also be dismissed. However, as that claim exists only pursuant to a statutory right that does not include the plaintiffs, they do not have standing to enforce it. Lastly, to the extent plaintiffs could pursue the underlying claims, the allegations that Franco fabricated evidence in order to arrest them – is at odds with the indemnification claim. Plaintiffs' indemnification claim must be dismissed.

**(a) Plaintiffs failed to plead an underlying constitutional violation means that all derivative claims must be dismissed.**

A claim for indemnification is a derivative claim that cannot stand alone absent an underlying claim. A claim is "derivative of" another when a defendant alleges that another is secondarily liable to it as a contributor. The traditional "derivative" claims are indemnification, contribution and subrogation. Falcone v. MarineMax, Inc., 659 F. Supp. 2d 394, 402 (E.D.N.Y. 2009). Here, as the Court has already found that plaintiffs failed to plead any underlying claims, the derivative claims must also be dismissed.

**(b) Plaintiffs have no standing to join or enforce Franco's indemnification claim.**

In addition, Courts in this Circuit have widely held that there is no right to indemnification or contribution under Section 1983. See Castro v. Cty. of Nassau, 739 F. Supp. 2d 153, 184 (E.D.N.Y. 2010) ("To the extent the County seeks indemnification and contribution on plaintiffs § 1983 claims, they cannot do so as a matter of law. No right to contribution exists under § 1983. Nor is there a federal right of indemnification under the statute."). See also Rodriguez v. City of New York, No. 06 Civ. 9438(LAK), 2007 U.S. Dist. LEXIS 85889, 2007 WL 4145407, at *2 (S.D.N.Y. Nov. 16, 2007); Hayden v. Hevesi, No. 05 Civ. 0294E (SR), 2007 U.S. Dist. LEXIS 10336, 2007 WL 496369, at *4 (W.D.N.Y. Feb. 12, 2007); M.O.C.H.A. Society, Inc. v. City of Buffalo, 272 F. Supp. 2d 217, 221 (W.D.N.Y. 2003). As several district courts have echoed, "the [p]rinciples of contribution and indemnity are not of assistance to federal civil rights plaintiffs in pursuing their claims, and may inject issues into the litigation which could interfere with the prompt and orderly trial of such cases. [C]ommon law or statutory indemnity and contribution principles serve different interests than the constitutional values sought to be vindicated in a § 1983 action."' Thomas v. City of Troy, 293 F. Supp. 3d 282, 302 (N.D.N.Y. 2018), on reconsideration sub nom., Thomas v. Mason, No. 1:17-CV-626 (DJS), 2019 U.S. Dist. LEXIS

198976, 2019 WL 6111572 (N.D.N.Y. 2019) (quoting Koch v. Mirza, 869 F. Supp. 1031, 1041 (W.D.N.Y. 1994) (alterations in original and citation omitted) (collecting cases)). "[A]llowing a claim for contribution or indemnification by reference to state common law or statutory laws under 42 U.S.C. § 1988, is irrelevant to and inconsistent with the purpose and policy of the federal civil rights laws, and is, therefore, specifically excluded from consideration under 42 U.S.C. § 1988." Koch at 1041 (W.D.N.Y. 1994). As there is no independent right to indemnification, plaintiffs' claim does not stand on its own.

Det. Franco's indemnification claim is statutory and based on GML § 50-k, which defines and describes the circumstances under he may be entitled to indemnification. General Municipal Law § 50-k provides, in part, that:

> The city shall indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court . . . provided that the act or omission from which such judgment or settlement arose occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged damages were sustained; the duty to indemnify and save harmless prescribed by this subdivision shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee.

Nothing in the statute provides a right to any party other than the employee. "[I]ndemnification agreements are strictly construed to avoid reading in a duty which the parties did not intend to be assumed." Goodman v. Port Auth. of N.Y. & N.J., 850 F. Supp. 2d 363, 378 (S.D.N.Y. 2012). (citing Weissman v. Sinorm Deli, 88 N.Y.2d 437, 446 (N.Y. 1996)) Nothing in the statute indicates that a plaintiff suing a municipality has any rights under the statute, nor has the City found any case law suggesting such. This is because, typically, a plaintiff will bring the claim directly against the municipality. Here, plaintiffs had the opportunity to bring their claims directly against the City through either a Monell claim or a claim of *respondeat superior* via state law claims. Plaintiffs

failure to properly bring their claims not permit them to invent a new method to pursue a deeper pocket. Plaintiffs simply have no standing to bring a claim for indemnification under the statute, nor a legal right to indemnification in §1983 claims, thus their portion of the claim should be dismissed.

**(c) Plaintiffs' allegations are at odds factually with the indemnification claim.**

In addition, taking the facts in the light most favorable to plaintiffs, any claim for indemnification fails factually. Plaintiffs claim that they were falsely arrested by Def. Franco who they claim "fabricated evidence" against them and charged them with crimes they did not commit. Defs 56.1 ¶¶ 1-2. Under GML Section 50-k, intentionally framing an individual and fabricating evidence would be intentional wrongdoing of the sort that would permit the City to refuse indemnification, as well as be in violation of the City's policies. As a result, plaintiffs claim for indemnification fails factually as well.

## POINT II

## DET. FRANCO'S INDEMNIFICATION CLAIM SHOULD BE DISMISSED

Should the Court dismiss plaintiffs' indemnification claim, defendant Franco's claim should also be dismissed as it is not yet ripe. Courts may only decide cases and controversies actually at issue and may not render advisory opinions based on hypothetical facts. See Roman Catholic Archdiocese of New York v. Sebelius, 907 F. Supp. 2d 310, 333 (E.D.N.Y. 2012) ("Like standing, ripeness doctrine 'prevents a federal court from entangling itself in abstract disagreements over matters that are premature for review because the injury is merely speculative and may never occur.'" (internal citation omitted)). As such, "[c]laims for indemnification do not generally ripen until a judgment in the underlying action is paid." Harris v. Rivera, 921 F. Supp.

1058, 1062 (S.D.N.Y. 1995); accord Cucchiara v. Hollingsworth, No. 15-CV-314 (KBF), 2016 U.S. Dist. LEXIS 142541, at *23-24 (S.D.N.Y. Oct. 14, 2016) (citing cases).

The determination regarding the indemnification of an employee of the City of New York is governed by New York General Municipal Law § 50-k, and may be challenged under Article 78 of the New York Civil Practice Law and Rules ("C.P.L.R."), not a Section 1983 lawsuit. See N.Y. Gen. Mun. § 50-k; C.P.L.R. § 7803(3). Federal courts have suggested that an Article 78 proceeding is the appropriate avenue for a City employee to seek judicial review of the City's indemnification decision. See, e.g., Nevares v. Morrissey, No. 95-CV-1135 (JGK), 1998 U.S. Dist. LEXIS 7680, at *29 (S.D.N.Y. May 19, 1998) (holding that "third-party indemnification claims . . . raise novel and complex issues of state law that should be decided in the first instance by the New York State Courts."). Moreover, at least one court in this Circuit has held that "a claim for indemnification must be raised in an Article 78 proceeding in the first instance." Id. at *13 (citing Vega v. Correction Officer Nelson, No. 93-CV-1989 (NG) (ARL) (E.D.N.Y. Oct. 2, 1997)) (emphasis added).

Moreover, "[f]airness and judicial economy are not promoted by advancing consideration of a claim which is not otherwise ripe for adjudication." Nevares, 1998 U.S. Dist. LEXIS 7680 at *20. In Nevares, where the issue of impleading the City of New York for purposes of asserting claims for indemnification was addressed, the Court dismissed the cross-claim for indemnification as not yet ripe, requiring the claimant to file suit in state court "after judgment was rendered." Nevares v. Morrissey, No. 95-CV-1135 (JGK), 1998 U.S. Dist. LEXIS 7680, at *20-23 (S.D.N.Y. May 22, 1998). However, "[o]ther courts have permitted defendants to assert indemnification cross-claims 'before they are technically ripe' in order to promote 'fairness and judicial economy', but have deferred consideration of the indemnification cross-claim until after a verdict as to

liability has been entered; then, in a post-verdict proceeding, these courts apply New York law to assess the indemnification claim." Cucchiara at *24-25 (citing cases).

As the Honorable Katherine B. Forrest held in Cucchiara, "[h]ere, the interests of 'judicial economy and fairness' are not furthered" by consideration of the unripe claim for indemnification. Id. at *25. One reason for Judge Forrest's holding was that the City had been previously dismissed as a defendant to the action brought by plaintiff, as a result of the court's summary judgment ruling. Id. at *26. Judge Forrest held: "Granting impleader [of the indemnification claims] would inequitably force the City to remain involved in this lawsuit through verdict even though its interest arises only if defendant Hollingsworth is found liable to plaintiff." Id.

Similarly, here, the plaintiffs have no remaining direct claims against the City of New York, so allowing the defendant to pursue his third-party claims at this stage would unfairly prejudice the City. Doing so "would inequitably force the City to remain involved in [the litigation] through verdict even though its interest arises only if [the co-defendant] is found liable to the plaintiff." Cucchiara, at *26.

Judicial economy would be served by dismissing the premature claim for indemnification, given the possibility that the judge or jury could find the defendant not liable to the plaintiff, making this claim moot. Therefore, "these considerations weigh in favor of not joining the unripe indemnification claim." Id. at *26-27. For all these reasons, defendant Franco's claim for indemnification should be dismissed.

## CONCLUSION

For the foregoing reasons, defendant respectfully request that the Court grant its motion to dismiss pursuant to Fed. R. Civ. P. 56, together with such costs, fees, and other and further relief as the Court deems just and proper.

Dated: New York, New York
August 26, 2026

**STEVEN BANKS**
Corporation Counsel of the
City of New York
*Attorney for Defendant City*
100 Church Street
New York, New York 10007
(212) 356-3540

By: /s/ Elissa B. Jacobs
Elissa B. Jacobs
*Senior Counsel*
Special Federal Litigation

**BY ECF**
*All Counsel of Record*