UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

EDWIN CRESPO, DONTE SMILEY, TONY SERRANO, JOSE SANTIAGO, SIDNEY WRAY, and ANTHONY WASHINGTON,

Plaintiffs,

-against-

JOSEPH FRANCO, THE CITY OF NEW YORK, and other as-yet-unidentified officers of the New York City Police Department,

Defendants.

---------------------------------------------------------------------- x

**22-cv-7345 (PKC) (VF)**

**MEMORANDUM OF LAW IN OPPOSITION TO THE CITY OF NEW YORK'S MOTION FOR SUMMARY JUDGMENT**

**MEMORANDUM OF LAW IN OPPOSITION TO THE CITY OF NEW YORK'S MOTION FOR SUMMARY JUDGMENT**

TANNER & ORTEGA, LLP
Attorneys for Defendant Joseph Franco
277 Broadway, Suite 1701A
New York, New York 10007
(212) 962-1333

## TABLE OF CONTENTS


PRELIMINARY STATEMENT 4

RELEVANT PROCEDURAL RECORD 5

A. The claims and Franco's crossclaims 5

B. The Court dismissed Monell, not the claims against Franco, and permitted joinder 5

C. The City submits allegations, not proof 6

ARGUMENT 6

I. THE CITY HAS NOT CARRIED ITS RULE 56 BURDEN 6

II. THE COURT DID NOT DISMISS THE UNDERLYING CLAIMS AGAINST FRANCO 7

III. AUTHORITIES REJECTING FEDERAL COMMON-LAW INDEMNITY DO NOT DEFEAT FRANCO'S STATE-LAW CLAIM 8

IV. THE PRIOR JOINDER RULING AND GOVERNING AUTHORITY FAVOR RETENTION, NOT DISMISSAL 9

V. DISPUTED ACCUSATIONS DO NOT ESTABLISH THE INTENTIONAL- 10

WRONGDOING OR RECKLESSNESS EXCLUSION

VI. IF THE CLAIM IS NOT YET RIPE, THE PROPER COURSE IS DEFERRAL OR A STAY 11

VII. THE MOTION DOES NOT ESTABLISH JUDGMENT ON FRANCO'S DISTINCT DEFENSE-COST CROSSCLAIM 11

CONCLUSION 12

# TABLE OF AUTHORITIES

Banks v. Yokemick, 214 F. Supp. 2d 401 (S.D.N.Y. 2002) …………………………..4, 10, 11

Celotex Corp. v. Catrett, 477 U.S. 317 (1986)…………………………………………6

Cucchiara v. Hollingsworth, No. 15 Civ. 314 (KBF),
2016 WL 6068193 (S.D.N.Y. Oct. 14, 2016)……………………………………..9–10

Doe v. East Lyme Bd. of Educ., 962 F.3d 649 (2d Cir. 2020)…………………………9

Giannullo v. City of New York, 322 F.3d 139 (2d Cir. 2003)…………………………6

Harris v. Rivera, 921 F. Supp. 1058 (S.D.N.Y. 1995)…………………………………4, 9, 11

Holtz v. Rockefeller & Co., 258 F.3d 62 (2d Cir. 2001)………………………………6

Mercurio v. City of New York, 758 F.2d 862 (2d Cir. 1985)…………………………4, 9, 12

Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241 (2d Cir. 2004)………6

Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245 (2d Cir. 1992)………9

**Statutes and Rules**

28 U.S.C. § 1367…………………..8

42 U.S.C. § 1983…………………4, 8

N.Y. Gen. Mun. Law § 50-k passim

Fed. R. Civ. P. 13(g)……………….8

Fed. R. Civ. P. 56…………………6, 11

Local Civ. R. 56.1…………………4, 6

## PRELIMINARY STATEMENT

The City's motion seeks judgment on Franco's statutory indemnification crossclaim while arguing that indemnification cannot yet be determined. The absence of a judgment does not itself establish that the contingent crossclaim must be dismissed rather than retained for later adjudication. The City's supporting declaration attaches no witness testimony, employment or disciplinary record, agency rule, or Corporation Counsel determination. Its Rule 56.1 statement paraphrases Plaintiffs' unverified allegations. Those allegations are not admissions by Franco and do not establish his actual misconduct. Franco's declaration identifies his assigned police duties and denies fabrication, suppression of evidence, and intentional or reckless wrongdoing. (Franco Decl. ¶¶ 4–6.)

The premise that no claim remains against Franco is also incorrect. The Court's September 13, 2024 Opinion and Order found Plaintiffs' pleaded constitutional theories deficient, dismissed the Monell claim against the City, and denied further amendment. It did not enter judgment dismissing Franco as an individual defendant. The Court observed that Franco had not moved against the claims and remained free to challenge them later, and granted Plaintiffs' request to join his crossclaims because they arise from the same arrests, prosecutions, convictions, and alleged conduct. (ECF No. 141 at 9–16, 27–34.)

The City's legal arguments fare no better. Authorities rejecting a federal common-law right to contribution or indemnity under 42 U.S.C. § 1983 do not extinguish Franco's express state-law claim under General Municipal Law § 50-k. Harris v. Rivera rejected the City's contention that Article 78 is the exclusive forum and retained a § 50-k claim for reasons of fairness and judicial economy. Mercurio likewise recognized that a federal court may retain related § 50-k crossclaims. And Banks v. Yokemick confirms that whether conduct was intentional or reckless is determined on a developed evidentiary record—ordinarily after liability—not by treating a plaintiff's disputed accusations as established fact.

The motion should be denied. At most, the Court may defer or stay adjudication of indemnification until liability is resolved and the Corporation Counsel makes a final determination, while preserving the crossclaims and avoiding duplicative litigation. For purposes of the City's motion for summary judgment, Franco adopts and incorporates by reference the legal arguments in the section of Plaintiffs' response entitled "The Court should deny Summary Judgment on Franco's Indemnification Claim," opposing dismissal of his indemnification crossclaim. This adoption is limited to that issue and does not constitute an admission of Plaintiffs' allegations concerning Franco's conduct or liability, which he continues to deny.

## RELEVANT PROCEDURAL RECORD

### A. The claims and Franco's crossclaims

Plaintiffs' Second Amended Complaint asserts federal claims arising from six separate criminal matters. (ECF No. 79; ECF No. 141 at 30 n.16.) Franco denies the allegations. His operative Answer asserts crossclaims against the City, including a claim that the City must indemnify him under General Municipal Law § 50-k because the relevant acts occurred in the discharge of his duties and within the scope of employment, and a claim concerning defense costs allegedly caused by the City's refusal to provide a defense. (ECF No. 90 ¶¶ 129–33.)

### B. The Court dismissed Monell, not the claims against Franco, and permitted joinder

On September 13, 2024, the Court granted the City's Rule 12(b)(6) motion directed to the Monell claim, finding the pleaded predicate constitutional theories deficient as well as the municipal-liability allegations, and denied further amendment. (ECF No. 141 at 9–16, 27–34.) The Court stated that Franco had not moved to dismiss and had not waived his right to challenge the claims in a later motion, including at summary judgment. (Id. at 9.) It then granted Plaintiffs' motion to join Franco's crossclaims based on the same transactions and common questions. (Id. at 31–34.)

The June 17, 2025 discovery order likewise treated the joined indemnification claim as pending, while limiting broad discovery that did not bear on the statutory standard. (ECF No. 170 at 1–5.) No merits determination under § 50-k followed.

**C. The City submits allegations, not proof**

The City's Rule 56.1 statement contains six paragraphs. Each cites only Exhibit A to counsel's declaration—the Second Amended Complaint. (ECF Nos. 198 ¶ 3; 199 ¶¶ 1–6.) Counsel's declaration authenticates no testimony, City record, rule, disciplinary finding, employment determination, or indemnification decision. The City even states that it adopts its recitation only for the motion and reserves the right to present conflicting facts at trial. (City Mem. at 1 n.1.)

## ARGUMENT

## I. THE CITY HAS NOT CARRIED ITS RULE 56 BURDEN

### A. Rule 56 requires record evidence, not an adversary's allegations

Summary judgment is proper only if the movant shows that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A movant may identify an absence of evidence on an element the nonmovant must prove; it need not always submit affirmative evidence negating the claim. Fed. R. Civ. P. 56(c)(1); Celotex Corp. v. Catrett, 477 U.S. 317, 323–25 (1986). Even an unopposed motion requires a sufficient showing of entitlement to judgment. Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).

A Rule 56.1 statement is not evidence. Holtz v. Rockefeller & Co., 258 F.3d 62, 73–74 (2d Cir. 2001). Nor may unsupported assertions become established facts merely through citation to a disputed pleading. See Giannullo v. City of New York, 322 F.3d 139, 140–43 (2d Cir. 2003). The Complaint establishes what Plaintiffs allege, not that Franco committed those acts. Franco supplies sworn testimony concerning his assigned duties and denies fabricating evidence, suppressing

exculpatory evidence, framing Plaintiffs, or engaging in intentional or reckless wrongdoing. (Franco Decl. ¶¶ 4–6.)

**B. The City offers no evidence on the statutory elements**

Section 50-k(3) requires the City to indemnify an employee for a qualifying judgment or approved settlement where the act occurred within the scope of public employment and in the discharge of duties and was not in violation of an agency rule. The statute excludes intentional wrongdoing and recklessness. N.Y. Gen. Mun. Law § 50-k(3). Whether those conditions are met depends on evidence concerning the employee's acts, duties, applicable rules, and the City's determination.

The City's supporting declaration attaches no agency rule, employment record, incident testimony, final § 50-k determination, or administrative record. Those omissions alone do not defeat a legal challenge or an adequately supported absence-of-proof argument. But Plaintiffs' disputed allegations do not establish Franco's actual misconduct or a rule violation. Franco's sworn account addresses his assigned duties and denies the alleged wrongdoing. (Franco Decl. ¶¶ 4–6.) The Court should assess that evidence and the particular grounds asserted, rather than treat the Complaint as proof that the statutory exclusions apply.

**II. THE COURT DID NOT DISMISS THE UNDERLYING CLAIMS AGAINST FRANCO**

The September 13, 2024 Order found Plaintiffs' pleaded predicate constitutional theories deficient and denied further amendment. Those conclusions must be distinguished from its decretal disposition, which dismissed the Monell claim against the City without entering judgment dismissing Franco. A failure to plead municipal liability does not itself produce judgment for an individual defendant who did not move. The Court expressly noted that Franco had not moved against the Complaint and retained the right to challenge the claims later. (ECF No. 141 at 9–16, 27–34.)

The Court's decretal paragraph granted the City's motion to dismiss the Monell claim while permitting Plaintiffs to join Franco's crossclaims. (Id. at 34.) The claims against Franco therefore remained pending notwithstanding the Court's conclusions about their pleading deficiencies. The City's indemnification motion must be resolved on its stated grounds; the prior order does not itself constitute a judgment eliminating Franco's potential liability or establish that he committed intentional wrongdoing.

## III. AUTHORITIES REJECTING FEDERAL COMMON-LAW INDEMNITY DO NOT DEFEAT FRANCO'S STATE-LAW CLAIM

The City cites decisions holding that § 1983 does not create a federal right to contribution or indemnification. That proposition does not decide this motion. Franco invokes a separate right created by New York law. Section 50-k expressly prescribes when the City must defend and indemnify its employees. The source and elements of that claim are state law, and supplemental jurisdiction exists because it shares the same operative facts as the federal claims. 28 U.S.C. § 1367(a).

The distinction is also built into Rule 13(g), which authorizes a crossclaim that a coparty 'is or may be liable' for all or part of a claim. Fed. R. Civ. P. 13(g). A contingent state-law indemnification claim does not become an impermissible federal indemnity claim simply because the underlying action arises under § 1983. The City's reliance on cases such as Castro, Koch, Rodriguez, and Thomas thus attacks a theory Franco has not asserted.

Any dispute over Plaintiffs' independent ability to enforce § 50-k likewise does not eliminate Franco's own crossclaim. The Court permitted Plaintiffs to join the crossclaims, but Franco is the employee who pleaded the statutory right. Those authorities address the absence of a federal right to indemnification under § 1983; they do not resolve Franco's separate statutory crossclaim under General Municipal Law § 50-k.

## IV. THE PRIOR JOINDER RULING AND GOVERNING AUTHORITY FAVOR RETENTION, NOT DISMISSAL

### A. The City seeks to undo a case-specific joinder ruling without a new record

After dismissing Monell, this Court granted Plaintiffs leave to join Franco's crossclaims because the claims arise from the same transactions and present common questions. (ECF No. 141 at 31–34.) That ruling did not expressly decide ripeness or ultimate entitlement under § 50-k. Its case-specific findings nevertheless provide a substantial reason to retain the contingent claim for later adjudication. Law-of-the-case principles favor respecting issues actually decided, not extending a prior ruling to questions it left open. See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992); Doe v. East Lyme Bd. of Educ., 962 F.3d 649, 662 (2d Cir. 2020).

### B. Harris and Mercurio permit the federal court to retain the claim

Harris v. Rivera, 921 F. Supp. 1058 (S.D.N.Y. 1995), rejected substantially the arguments advanced here. The City argued that a § 50-k claim was premature and review belonged exclusively in an Article 78 proceeding. The court held that Article 78 was not the exclusive forum, exercised supplemental jurisdiction, and retained the indemnification claim because resolution in the same action promoted fairness and judicial economy. Id. at 1062–64. The court could bifurcate the indemnification issues if necessary. Id. at 1064.

The Second Circuit's decision in Mercurio v. City of New York likewise records that the district court properly retained jurisdiction over § 50-k crossclaims after the federal liability trial. 758 F.2d 862, 864–65 (2d Cir. 1985). Together, those authorities defeat the City's categorical position that Franco must be sent to a separate state proceeding.

### C. Cucchiara is procedurally and factually different

Cucchiara v. Hollingsworth involved an officer's request to implead the City for representation and indemnification after the City ceased to be a defendant to the primary action. The

claims against the officer also appeared subject to dismissal for failure to exhaust. 2016 WL 6068193, at *8. The court declined supplemental jurisdiction based on unsettled state-law issues and separately rejected impleader as premature after considering fairness and judicial economy. It acknowledged decisions retaining contingent indemnification claims while deferring adjudication until after a liability verdict. Id.

Here, the City is already a party to Franco's pleaded crossclaims, discovery has proceeded, and this Court has granted Plaintiffs' joinder after dismissing Monell. Those procedural circumstances support retention rather than introducing a new third-party dispute. Cucchiara also cautions that continued participation may burden the City and that indemnification may become unnecessary. Those considerations warrant controlled sequencing, but do not require dismissal of the already-pending crossclaim in this case.

## V. DISPUTED ACCUSATIONS DO NOT ESTABLISH THE INTENTIONAL-WRONGDOING OR RECKLESSNESS EXCLUSION

The City argues that Plaintiffs' theory necessarily alleges intentional conduct. But an allegation is not an adjudicated fact, and Franco denies it. The relevant question under § 50-k is what the evidence and ultimate findings show, not the labels chosen in the Complaint. The City's approach would erase indemnification whenever a plaintiff pleads intent—even if the employee prevails on that characterization or liability rests on a different basis.

Banks v. Yokemick illustrates the proper sequence. Before trial, the court treated indemnification as premature. After a verdict and a final City determination, it reviewed whether the evidence supported the City's conclusion that the officer acted outside the statutory protection. 214 F. Supp. 2d 401, 406–13 (S.D.N.Y. 2002). Banks did not authorize pretrial judgment based solely on the complaint. It demonstrates why a developed record and an actual determination matter.

The same defect undermines the City's reliance on the prior pleading decision. The Court assessed whether Plaintiffs' allegations plausibly stated predicate constitutional violations for Monell

purposes. It did not make findings that Franco engaged in intentional wrongdoing or recklessness. A Rule 12 analysis of allegations cannot become a Rule 56 factual determination against a nonmoving defendant.

## VI. IF THE CLAIM IS NOT YET RIPE, THE PROPER COURSE IS DEFERRAL OR A STAY

Franco seeks retention of a contingent indemnification crossclaim, with adjudication deferred until liability and the City's indemnification determination can be addressed. Harris and Banks support that procedure where the claim is properly within federal jurisdiction. The Court may defer decision, stay adjudication, or bifurcate the issue without presently declaring Franco entitled to indemnification. Judicial economy cannot cure an actual Article III jurisdictional defect; if the Court finds such a defect, dismissal must be without prejudice rather than a merits determination against Franco.

The City identifies no trial prejudice from remaining a nominal party for that limited purpose. Indemnification evidence need not be presented to the liability jury, and the Court can control discovery and sequencing. By contrast, dismissal would risk a duplicative Article 78 or plenary action after the liability record has already been developed here.

## VII. THE MOTION DOES NOT ESTABLISH JUDGMENT ON FRANCO'S DISTINCT DEFENSE-COST CROSSCLAIM

Franco's operative pleading separately seeks relief concerning the City's alleged refusal to provide a defense and the resulting costs. (ECF No. 90 ¶¶ 132–33.) Defense and indemnification arise under different subdivisions and at different times. Compare § 50-k(2) with § 50-k(3). Franco states that he requested a defense, received no City-provided counsel, and incurred private legal expenses. (Franco Decl. ¶¶ 7–9.) The request, the City's response, and the basis of any denial bear on that claim; the judgment-indemnification ripeness argument does not alone resolve it.

Mercurio presents a substantial limitation: Corporation Counsel declined or withdrew representation, yet the Second Circuit affirmed denial of private defense-fee reimbursement, including because § 50-k did not authorize private representation at City expense in the conflict circumstances presented. 758 F.2d at 864–65. Franco does not contend that refusal of representation alone establishes reimbursement rights. Any relief requires a legally supported distinction and proof of the applicable prerequisites. The Court should address the distinct defense-cost claim under that standard and the grounds actually raised, rather than dismiss it solely because judgment indemnification is contingent.

**CONCLUSION**

For these reasons, Franco respectfully requests that the Court deny the City's motion for summary judgment. Alternatively, the Court should defer or stay the indemnification determination until resolution of the claims against Franco and a final determination by the Corporation Counsel, preserve Franco's crossclaims, and deny dismissal of the City as a party. Any disposition on prematurity grounds should be without prejudice to renewal, and without costs.

Dated: New York, New York
October 1, 2026

TANNER & ORTEGA, LLP
Attorneys for Defendant Joseph Franco
277 Broadway, Suite 1701A
New York, New York 10007
(212) 962-1333
hortega@tannerortega.com

By: /s/ Hugo Ortega
Hugo Ortega